BEFORE THE FIRST DIVISION, DECEMBER 11, 1957

**No. 61404.**—F. H. Kaysing *v.* United States, protest 304814–K (Kansas City).

OLIVER, Chief Judge:   This protest relates to merchandise described on the invoice as "Rough lapped Crystal Blanks," with an identifying number, either Cr-18 or Cr-23, which was classified as articles in chief value of rock crystal, not specially provided for, under paragraph 233 of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51909, carrying a dutiable rate of 25 per centum ad valorem.   Plaintiff claims that the merchandise is properly classifiable under paragraph 214 of the Tariff Act of 1930, as modified by T. D. 51802, as articles, not decorated, composed in chief value of an earthy or a mineral substance, not specially provided for, with a dutiable rate of only 15 per centum ad valorem.

One witness testified.   He was the vice president in charge of production and engineering of Wright Electronics, Inc., manufacturer of quartz crystals for radio-frequency control, and the importer of the items in question.   His uncontradicted testimony supports the following summation.

The articles in question are "blank crystals" that are exclusively used for radio-frequency control. A sample is in evidence (plaintiff's exhibit 1). It is a small, plain, undecorated disk, approximately ½″ in diameter and 1/32″ in thickness. These so-called "blanks" are sawn by means of a diamond blade from crystalline quartz, an earthy substance, that is acquired solely for its piezoelectric qualities. "In the piezoelectric quartz, there will be a positive and negative charge occur on each end, or on either end of the intersection." The particular variety of crystalline quartz, that is used in producing the articles in question, is translucent or milky opaque. The sample before us, exhibit 1, *supra*, is milky opaque. Prior to importation, each of these "blank crystals" is "lapped" or trimmed so that the two major surfaces parallel each other, and the relation of the optical angle to the major surfaces is measured. The processing is essential in producing a radio crystal, so that the electric, optical, and mechanical axes are symmetric in their respective relationships, a condition that is required to obtain an efficient finished unit for controlling radio frequency. After importation, the imported blank is processed to acquire the maximum electric qualities inherent therein, and then it is encased in "a metal or plastic container so that time and age will not deteriorate the functioning of it" (R. 17). In their finished condition, the articles are piezoelectrical quartz crystals.

The witness' statement that the crystalline piezoelectrical quartz, of which the crystals are made, is not "rock crystal" and never identified as such, finds support from many authoritative sources. In Webster's New International Dictionary (second edition, 1956), rock crystal quartz is defined as "transparent and colorless or nearly so." In the Summary of Tariff Information, 1929, rock crystal is described as "a clear, colorless quartz used in the manufacture of prisms for optical instruments, art figures, and ornaments." In *United States* v. *Bausch & Lomb Optical Co.*, 5 Ct. Cust. Appls. 416, T. D. 34942, which involved spar prisms and presented an issue the same as that now before us, our appellate court had occasion to state that "Rock crystal is a colorless or nearly colorless transparent quartz, * * *."

The "crystal blanks" in question are not composed of quartz that is transparent and colorless or nearly so. On the contrary, they are made of a crystalline quartz that is of the opaque milky or smoky variety that is imported solely for its piezoelectrical properties, and without regard for any ornamental or optical qualities, if any should exist.

On the basis of the record before us, plaintiff has established, *prima facie*, at least, that the merchandise in question is not classifiable as rock crystal articles, as assessed by the collector, but that it is properly dutiable under the provision for articles, not decorated, composed of an earthy substance, under paragraph 214, as modified, *supra*, at the rate of 15 per centum ad valorem, as claimed.

The protest is sustained and judgment will be rendered accordingly.